322 So.2d 625 (1975)
John Joseph CAPOFERRI, and Aetna Casualty & Surety Co., Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 74-1644.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Preddy, Haddad, Kutner & Hardy, Miami, for appellants.
Adams, George, Wood, Lee, Schulte & Thompson, Jeanne Heyward, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and PIERCE, WILLIAM C., Associate Judge.
*626 HENDRY, Judge.
Appellants, defendants below, bring this appeal from a final summary judgment entered in favor of appellee, third party defendant below.
On March 10, 1973, appellant John J. Capoferri was driving, with express permission, an automobile owned by Vanessa Gordon. Upon leaving the Gulfstream Race Track in Broward County, Florida, Capoferri was involved in an automobile accident with another vehicle driven by Charles Dimon. As a result of that accident, Capoferri was charged with careless driving and later pleaded guilty to the charge in Traffic Court.
Following the accident, Capoferri reported the event to appellee Allstate Insurance Company and to appellant Aetna Casualty & Surety Company. Allstate had in full force and effect an insurance policy covering the automobile Capoferri was driving at the time of the accident, and Aetna had in full force and effect an automobile liability insurance policy covering Capoferri personally.
On May 21, 1973, Charles Dimon, plaintiff below, filed a complaint against Capoferri alleging that he willfully assaulted Dimon by deliberately driving his automobile into the automobile driven by Dimon, and asked for both compensatory and punitive damages. Allstate's investigator took a sworn statement from Capoferri, in which he stated the mishap was caused by his foot accidentally slipping off the brake pedal and striking the accelerator and not by any willful act on his part.
Allstate initially undertook to represent Capoferri in the lawsuit as to any claims for compensatory damage, but not for punitive damages. Later, Allstate advised Capoferri by letter that the Allstate insurance policy specifically excluded bodily injury or property damage caused intentionally by the insured. This letter further advised Capoferri that the attorneys for Allstate would no longer represent him and that he should obtain his own counsel.
On January 29, 1974, Capoferri's attorney filed an answer to Dimon's complaint and filed a third party complaint against Allstate for breach of their insurance contract, seeking attorneys fees and expenses for defending the main action and prosecuting the third party complaint, and also indemnity from any judgment rendered against Capoferri as a result of Allstate's breach of contract.
The trial of Dimon's claim against Capoferri took place on April 24, 1974, and the jury returned a verdict for Capoferri. Subsequently a final judgment was entered on his behalf.
On July 19, 1974, Allstate filed a motion for summary judgment on the third party complaint. The motion was granted and a summary final judgment for Allstate was entered on November 7, 1974. From this judgment, appellants bring their appeal.
Appellants contend that the trial court erred in entering its summary final judgment because an automobile insurance company cannot lawfully withdraw coverage and refuse to continue in the defense of an insured, based upon the bare allegations of a complaint charging the insured with assault and battery, when the company has substantial evidence from its own investigations to show that the lawsuit is groundless.
Appellee contends that the trial court was correct in entering summary final judgment in its favor, because Dimon's sworn complaint alleged only an intentional act and Allstate's policy specifically excluded coverage for bodily injury caused intentionally by the insured.
In Florida, the generally recognized rule is that the insurer is under a duty to defend a suit against an insured only where the complaint alleges a state of facts within the coverage of the policy.
*627 A liability insurance company has no duty to defend a suit where the complaint upon its face alleges a state of facts which fails to bring the case within the coverage of the policy. Consequently, the company is not required to defend if it would not be bound to indemnify the insured even though the plaintiff should prevail in his action. Consolidated Mutual Insurance Company v. Ivy Liquors, Inc., Fla.App. 1966, 185 So.2d 187; C.A. Fielland, Inc. v. Fidelity & Cas. Co. of New York, Fla.App. 1974, 297 So.2d 122; Garden Sanctuary, Inc. v. Insurance Co. of No. Amer., Fla.App. 1974, 292 So.2d 75; St. Paul Fire & Marine Insurance Co. v. Thomas, Fla.App. 1973, 273 So.2d 117; and Bennett v. Fidelity & Casualty Company of New York, Fla.App. 1961, 132 So.2d 788.
Here, the only cause of action alleged in the Dimon's complaint was one for intentional acts by Capoferri. The record reflects that intentional acts by the insured were not within the coverage of the Allstate automobile liability policy. Even if Dimon had proved all of the allegations in his complaint and taken a judgment against Capoferri, based on the rule set forth above, Allstate would have been under no obligation to indemnify Capoferri. Therefore, since Allstate had no duty to defend in this matter, the trial court properly granted judgment for Allstate on its motion for summary judgment.
Further, the initial entry of appearance by Allstate's attorneys for appellant Capoferri does not of itself constitute a waiver of a defense to it under the policy it has issued. The company is entitled to a reasonable time in which to investigate and determine whether it desires to avail itself of any defense that may be found to exist. It appears to us that Allstate and its attorneys acted reasonably prompt in making its disclaimer and withdrawing from the action below. See Consolidated Mutual Ins. Co. v. Ivy Liquors, Inc., Fla. App. 1966, 185 So.2d 187.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final summary judgment appealed is affirmed.
Affirmed.