358 So.2d 533 (1977)
The NATIONAL UNION FIRE INSURANCE COMPANY, Petitioner,
v.
LENOX LIQUORS, INC., Respondent.
No. 51266.
Supreme Court of Florida.
December 15, 1977.
Rehearing Denied June 5, 1978.
Richard A. Sherman of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for petitioner.
Michael B. Solomon of Theodore M. Trushin Law Offices, Miami Beach, for respondent.
KARL, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Third District, 342 So.2d 532 (Fla. 3rd DCA 1977), which conflicts directly with Capoferri v. Allstate Insurance Company, 322 So.2d 625 (Fla. 3rd DCA 1975), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
Carrying a BB and pellet gun, McClendon, a thirteen-year-old minor, and another entered respondent's liquor store. Believing that Lenox Liquors was being held up by McClendon, Rosen, president of Lenox Liquors, shot McClendon. McClendon brought an action against Lenox and Rosen, alleging that Rosen assaulted him by maliciously, willfully and wantonly firing a loaded shotgun at him striking him in the back, thereby causing grievous personal injury. The complaint expressly charged:
"3. That on or about January 24, 1969, Plaintiff was a patron of the Defendant, LENOX LIQUORS, INC. in its said store and at that time and place, the Defendant, ROBERT ROSEN, assaulted the Plaintiff LEROY McCLENDON by maliciously, willfully and wantonly, firing a loaded shotgun at the Plaintiff LEROY McCLENDON, striking the said Plaintiff in the back with buckshot and thereby causing Plaintiff grievous personal injuries, all without cause or provocation on the part of the Plaintiff."

*534 "4. That as a direct result of the aforesaid assault and battery by the said ROBERT ROSEN, the Plaintiff suffered grievous, painful wounds in his back, chest, lungs and limbs and suffered shock and injury to his nervous system, and suffered and still suffers severe bodily pain and discomfort from said wounds inflicted upon his person, all of which injury is permanent and continuing in nature, causing great mental and physical pain and suffering and requiring extensive medical care and treatment now and in the future."
Respondent called upon petitioner, its insurer, to defend, but petitioner refused. Respondent then filed a third party complaint against petitioner and claimed indemnification in the event it was liable to McClendon. Petitioner moved for judgment on the pleadings and argued that the allegations of McClendon's complaint charging intentional tort relieved it from responsibility to defend. The trial judge granted judgment on the pleadings but explained:
"... [T]he Court finds that the main suit filed herein alleges a wilful, wanton and malicious assault and battery as to the Third Party Plaintiffs, Lenox Liquors, Inc. and Robert Rosen. That Third Party Defendant's policy of insurance does not provide coverage for bodily injury that was expectedly or intentionally inflicted by an insured.
.....
"... This judgment is without prejudice as to LENOX LIQUORS, INC. and ROBERT ROSEN to file an amended third party complaint if the Plaintiff in the main suit files a subsequent action so as to bring the allegations therein within the coverage of the subject policy."
Thereafter, respondent and McClendon settled the matter and entered into a joint stipulation which provided inter alia:
"1. That a Complaint for damages, based upon the alleged willful conduct of the Defendants, which willful conduct is expressly denied by the Defendants, for alleged injuries and damages sustained by the minor Plaintiff as a result of the certain incident which occurred on or about January 24, 1969, has been heretofore filed herein;
"2. That through discovery taken herein, parties have agreed that had settlement not been reached herein, the allegations in the Plaintiffs' Complaint would have been tried upon the negligent conduct of the Defendants rather than upon the Plaintiffs' claim of willful conduct of the Defendants, and this settlement has been reached upon this basis."
After settlement and payment, respondent instituted an action against petitioner under the terms of the policy for indemnification for settlement, costs and attorney's fees incident to defense of McClendon's action. The trial judge entered final judgment for respondent and found that as a matter of law, respondent is not barred from proceeding in the instant suit because of res judicata or estoppel by judgment and determined that respondent's claim falls within the exception to the general rule pertaining to liability insurer's duty to defend being governed by the allegations of the complaint filed against its insured, since the exception to the rule states that an insurer is obligated to defend its insured when the insurer knows or should reasonably be expected to know the facts which bring the claim within the purview of the policy. The Court expressly stated:
"... Rosen neither expected nor intended to injure an innocent customer of Plaintiff's liquor store, but rather only expected or intended to injure an armed robber threatening his life and the Plaintiff's property. Herein, Rosen's acts were an accident in that his injuring of an innocent customer was unintended and undesigned."
Upon appeal, the District Court of Appeal, Third District, affirmed the final judgment and opined that an insurance company's duty to defend is greater than its duty to pay and that the petitioner, insurer, stipulated that McClendon's claim would have to be tried on a negligence theory.
*535 We find that the instant decision of the District Court of Appeal, Third District, conflicts with Capoferri v. Allstate Insurance Company, supra, wherein the same District Court expressly recognized the well-established rule of this state that the insurer is under a duty to defend a suit against an insured only where the complaint alleges a state of facts within the coverage of the insurance policy and explained:
"A liability insurance company has no duty to defend a suit where the complaint upon its face alleges a state of facts which fails to bring the case within the coverage of the policy. Consequently, the company is not required to defend if it would not be bound to indemnify the insured even though the plaintiff should prevail in his action. Consolidated Mutual Insurance Company v. Ivy Liquors, Inc., Fla.App. 1966, 185 So.2d 187; C.A. Fielland, Inc. v. Fidelity & Cas. Co. of New York, Fla.App. 1974, 297 So.2d 122; Garden Sanctuary, Inc. v. Insurance Co. of No. Amer., Fla.App. 1974, 292 So.2d 75; St. Paul Fire & Marine Insurance Co. v. Thomas, Fla.App. 1973, 273 So.2d 117; and Bennett v. Fidelity & Casualty Company of New York, Fla.App. 1961, 132 So.2d 788.
"Here, the only cause of action alleged in the Dimon's complaint was one for intentional acts by Capoferri. The record reflects that intentional acts by the insured were not within the coverage of the Allstate automobile liability policy. Even if Dimon had proved all of the allegations in his complaint and taken a judgment against Capoferri, based on the rule set forth above, Allstate would have been under no obligation to indemnify Capoferri. Therefore, since Allstate had no duty to defend in this matter, the trial court properly granted judgment for Allstate on its motion for summary judgment."
The District Court of Appeal, Third District, distinguished Capoferri v. Allstate Insurance Co., 322 So.2d 625 (Fla. 3rd DCA 1975), cited sub judice, as the basis for conflict, on the basis that in the instant case, the insurer stipulated that McClendon's claim would sound in negligence while in Capoferri the claim was for intentional tort.
However, this is not a valid distinction. Review of the stipulation between petitioner and respondent evidences that the insurer did not stipulate that McClendon's claim would sound in negligence but rather stipulated that prior to the scheduled trial of the cause between McClendon and Lenox Liquors, Inc., Rosen and Lenox Liquors, Inc., reached an oral agreement with McClendon's attorneys, and that this agreement, formalized by the parties into a written joint stipulation and Motion for Appointment of Guardian Ad Litem and Approval of Settlement, recited that those parties had agreed that had settlement not been reached, the cause would have been tried on negligence grounds rather than willful conduct.
Having found conflict which vests jurisdiction in this Court, we now proceed to consider the cause on the merits. The insurance policy involved sub judice provides, in pertinent part:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
Occurrence is defined as:
"`[O]ccurrence' means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither *536 expected nor intended from the standpoint of the insured." (Emphasis supplied.)
The allegations of the complaint govern the duty of the insurer to defend.[1] The original complaint filed by McClendon did not allege facts which would bring the cause within the coverage of the insurance policy since the only cause of action alleged was one for intentional acts by Rosen. Therefore, the insurer had no duty to defend. The trial court recognized this fact when, in his order granting judgment on the pleadings for the insurer, the trial judge expressly stated that the main suit alleged willful, wanton and malicious assault and the policy of insurance does not provide coverage for bodily injury that was expectedly or intentionally inflicted by an insured.
For the foregoing reasons, the decision of the District Court of Appeal is quashed, and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., and DREW (Retired), J., concur.
NOTES
[1] Cf. C.A. Fielland, Inc. v. Fidelity and Cas. Co. of New York, supra.