357 So.2d 253 (1978)
TROPICAL PARK, INC., a Florida Corporation, Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Insurance Company, Appellee.
No. 76-2139.
District Court of Appeal of Florida, Third District.
April 11, 1978.
*254 Taylor, Brion, Buker & Greene and R. Bruce Wallace, Jr., Miami, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard and Michael C. Spring, Miami, for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is an action by an insured against its insurance carrier seeking damages and attorneys fees for a wrongful refusal to defend and pay a negligence claim brought against the insured filed before the Circuit Court for the Eleventh Judicial Circuit of Florida. After a non-jury trial, final judgment was entered in favor of the insurance carrier. The insured appeals.
There are two central issues presented for review by this appeal. The first issue is whether an exclusionary clause in a general liability insurance policy denying coverage to an insured horse race track company "for bodily injury claims on account of injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the insured" applies to a claim for injuries sustained by an exercise boy while exercising a horse on the insured's race track due to the *255 insured's alleged negligence. The second issue is whether the insurance carrier herein on such a general liability policy with such an exclusionary provision has a duty to defend such a claim under a provision of the policy obligating the carrier to defend the insured against lawsuits falling within the scope of insurance coverage where the complaint in the lawsuit filed against the insured alleges that the exercise boy herein was a freelance jockey exercising the horse on the insured's race track when the alleged injuries were sustained. We hold that the aforesaid exclusionary clause is inapplicable to deny insurance coverage herein, that the insurance carrier is contractually obligated under the insurance policy to pay the insured for any judgment arising out of such a claim, and that the insurance carrier is contractually obligated to defend a lawsuit filed against the insured based upon such a claim. Accordingly, we reverse.
The facts of this case are undisputed. The plaintiff insured Tropical Park, Inc. at all times material to this cause was the owner of a horse race track and held in full force and effect a general comprehensive liability insurance policy with the defendant insurance carrier United States Fidelity & Guaranty Co. containing policy coverage limits of $250,000 per person and $500,000 per occurrence together with a standard clause obligating the said carrier to defend the insured against lawsuits falling within the scope of insurance coverage. The policy contained the following exclusionary provision:
"It is understood and agreed that coverage excludes bodily injury claims on account of injury to any person while practicing for, or participating in any contest, exhibition of an athletic or sports nature sponsored by the insured and immediate medical and surgical relief to any person so injured."
In late December, 1972, one Alfonso Perez filed a negligence action against the insured Tropical Park before the Circuit Court for the Eleventh Judicial Circuit of Florida. The complaint was served on Tropical Park and alleged that Perez as "a free-lance jockey" was injured while "exercising a horse" at Tropical Park's racetrack due to Tropical Park's negligence.[1] Tropical Park duly notified its insurance carrier USF&G of the claim and forwarded the complaint and summons served upon it to USF&G, which USF&G refused to defend relying on the above exclusionary provision in the insurance policy.
*256 The uncontradicted facts surrounding the Perez claim as noted by the trial court below in its findings of fact were that Perez was hired by a horse trainer on the date of the accident in question as an exercise boy, not a freelance jockey, to gallop a two year old horse once around the Tropical Park racetrack and return to the stables. The horse in question had never run in a race and was not scheduled to run in a race at the time. Perez was apparently injured as he circled the racetrack exercising the horse.
After the insurance carrier's refusal to defend the Perez claim, Tropical Park proceeded to defend the case on its own. Subsequently, the claim was settled for $20,000 with prior notice to and no objection from USF&G. It appears without dispute that USF&G has declined to pay the claim as settled based on the above exclusionary clause in the insurance policy.
The insured Tropical Park then brought this action against its insurance carrier USF&G in the Circuit Court for the Eleventh Judicial Circuit of Florida. Tropical Park sought to recover from the carrier the settlement amount paid on the Perez claim, its attorneys fees and expenses in defending the Perez claim, and attorneys fees for prosecuting this action. The case was tried non-jury in which the above facts were established. The trial court entered judgment for the insurance carrier; this appeal follows.
The law of Florida is well-settled that a contract of insurance prepared by an insurance company must be construed liberally in favor of the insured and strictly against the insurance carrier. Where the terms of an insurance contract are susceptible of two reasonable constructions, that interpretation which will sustain coverage for the insured will be adopted. Poole v. Travelers Insurance Co., 130 Fla. 806, 179 So. 138 (1937); Hartford Fire Insurance Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977); Oliver v. United States Fidelity & Guaranty Co., 309 So.2d 237 (Fla. 2d DCA 1975); Moore v. Connecticut General Life Insurance Co., 277 So.2d 839, 842 (Fla. 3d DCA 1973). In particular, exclusionary clauses in insurance contracts must be construed liberally against the insurance company and in favor of the insured in order that the purpose of insurance will not be defeated. George v. Stone, 260 So.2d 259 (Fla. 4th DCA 1972).
The law is also well-settled that the duty of an insurance carrier to defend a claim falling within its insurance contract depends solely on the allegations in the complaint filed against the insured. The original complaint under this rule must allege facts which fairly bring the cause within the coverage of the insurance contract even though ultimately there is no liability. Where the complaint contains allegations partially within and partially outside the scope of coverage, the insurance carrier is required to defend the entire suit. Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); C.A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122 (Fla. 2d DCA 1974); Garden Sanctuary, Inc. v. Insurance Co. of North America, 292 So.2d 75 (Fla. 2d DCA 1974); Tennessee Corp. v. Lamb Bros. Construction Co., 265 So.2d 533 (Fla. 2d DCA 1972).
In the instant case, we deal with a comprehensive liability insurance contract with certain stated limits of maximum coverage. In an exclusionary clause contained therein, insurance coverage is denied to the insured "for bodily injury claims on account of injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the insured." In our view, it cannot fairly be said that the exercise boy herein was practicing for or participating in any contest or exhibition of an athletic or sports nature. He was merely performing his appointed duties to keep the horse he was riding in good physical shape and health by exercising it once around the track. In this respect, he is no different from a person who rubs the horse down or feeds the horse or medically examines and treats the horse.
*257 USF&G argues that the horse itself was practicing for a sports contest by running around the racetrack. We cannot agree. The horse had never run in a race and was not scheduled to run in a race; furthermore, the horse was being exercised and was not practicing for any race. In any event, the argument misses the mark because the insurance exclusionary clause herein refers to a person, not to a horse. Under the exclusionary clause the person must be engaged inter alia in some activity which constitutes practice for an athletic or sports contest to deny coverage. Clearly the exercise boy herein was not engaging in such activity and the exclusionary clause in the insurance contract is inapplicable. Mountain States Mutual Casualty Co. v. Northeastern New Mexico Fair Ass'n, 84 N.M. 779, 508 P.2d 588 (1973).
As to the duty of the insurance carrier to defend the insured against the Perez claim, it is clear from the allegations of the complaint that the claimant was allegedly injured while "exercising a horse" at the insured's racetrack. There is no allegation in the complaint to the effect that the claimant was participating in or practicing for a sports contest. And the mistaken allegation in the complaint that the claimant was a "free-lance jockey" as opposed to an exercise boy cannot reasonably be interpreted as placing the claim within the exclusionary clause. As such, the claim was fairly within the scope of insurance coverage and the insurance carrier was obligated to defend the claim.
The judgment appealed from is reversed and the cause is remanded to the trial court with directions to enter a judgment for the insured Tropical Park, Inc. against the insurance carrier United States Fidelity and Guaranty Co. for (1) the amount of the judgment paid by Tropical Park, Inc. on the Perez claim herein plus interest, (2) the amount of attorneys fees and taxable costs expended by Tropical Park, Inc. in defending the Perez claim herein. Appropriate attorneys fees and taxable costs must also be awarded to Tropical Park, Inc. for bringing this action in the trial court.
Reversed and remanded.
NOTES
[1] The pertinent portions of the Perez complaint are paragraphs 4 through 7 which allege as follows:

"4. At all times mentioned and at all times material hereto, the Plaintiff, ALFONSO PEREZ, was a free-lance jockey and at 7:45 A.M. on or about September 23, 197[1], he was exercising a horse on the above-mentioned tartan track and was therefore a business invitee to whom the Defendant, TROPICAL PARK, INC., owed the duty to use reasonable care for his safety while riding upon horses on the said race track.
5. At the above-mentioned time and place, the Defendant, TROPICAL PARK, INC., knew or should have known that the period of time from 5:00 A.M. to 10:00 A.M. was reserved for trainers and owners to exercise their horses.
6. At the above-mentioned time and place the Defendant, TROPICAL PARK, INC., was in the process of resurfacing the main dirt track at Tropical Park Race Track and had large road grading equipment operating on the main dirt track.
7. That the Defendant, TROPICAL PARK, INC., knew or should have known that the operation of said machinery on the main track during the period of time reserved for exercising race horses created a dangerous and unnatural condition; that the Defendant failed to take the appropriate measures necessary to properly maintain or remedy such condition when, in the use of reasonable care, the defendant, TROPICAL PARK, INC., should have foreseen that the jockeys, including the plaintiff, were being subjected to being injured when their horses were subjected to the heavy operating equipment causing said unnatural and dangerous condition; that the Defendant, TROPICAL PARK, INC., negligently and carelessly failed to take the appropriate measures necessary prior to September 23, 1971, at approximately 7:45 A.M. when Plaintiff's horse without warning, upon seeing the dangerous condition above-described, bucked, lunged and unnaturally and abnormally jumped, thereby causing the Plaintiff to be thrown from said horse and sustain serious personal injuries as hereinafter described."