409 So.2d 514 (1982)
LOUISVILLE TITLE INSURANCE COMPANY, a Foreign Corporation Doing Business in Florida, Appellant,
v.
Maone B. GUERARD, Appellee.
No. 81-414.
District Court of Appeal of Florida, Fifth District.
February 10, 1982.
*515 John L. Waller, St. Petersburg, for appellant.
Frank McClung and Ann G. Paschall of McClung & Paschall, Brooksville, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from an order granting partial summary judgment in favor of appellee Maone B. Guerard, on the issue of liability.
Appellee obtained a policy of title insurance from appellant to cover appellee's property in Hernando County. Appellee was sued by Waldron and Glenda Roper who sought to establish a prescriptive easement over an unpaved roadway that existed on appellee's land. Appellant refused to defend the suit.
Appellant based its refusal on various exceptions to the policy found in Schedule B which provided that "the policy does not insure against loss or damage by reason of the following:
1. Rights or claims of parties other than Insured in actual possession of any or all of the property;
2. Unrecorded easements, if any, on, above or below the surface... .
Appellant also contended that it was not bound to defend under a provision in the policy excluding coverage for adverse claims not known to appellant and not shown on public records but known by the insured at the date of execution of the policy or when the insured acquired the property.[1]
In entering summary judgment, the trial court concluded that while Schedule B, paragraph 2, excepts from the policy's coverage unrecorded easements, it did not except claims of unrecorded easements and therefore appellant was required to defend the title to appellee's property against the claim of an unrecorded easement. The court relied on the well established principle that an ambiguity or uncertainty in the exceptions in a policy of title insurance will be strictly construed against the insurer. See McDaniel v. Lawyers' Title Guaranty Fund, 327 So.2d 852 (Fla. 2d DCA 1976). See also Tropical Park, Inc. v. U.S. Fidelity & Guaranty Co., 357 So.2d 253 (Fla. 3d DCA 1978).
We believe that Capoferri v. Allstate Insurance Co., 322 So.2d 625 (Fla. 3d DCA 1975), provides the applicable rule. In that case, the plaintiff alleged that Capoferri, insured with automobile liability coverage by Allstate, had wilfully assaulted him by deliberately driving his car into plaintiff's car. Allstate refused to defend on the *516 ground that the policy specifically excluded bodily injury or property damage intentionally caused by the insured. In affirming a summary judgment by the trial court for Allstate, the appellate court stated initially that an insurer has a duty to defend only when the suit filed against the insured alleges a state of facts within the coverage of the policy. 322 So.2d at 626. From this the court reasoned that an insurer "is not required to defend if it would not be bound to indemnify the insured even though the plaintiff should prevail in his action." See also Federal Insurance Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979) ("the very reason that [an insurer] is not required to defend a particular action is that `it would not be bound to indemnify the insured even though the plaintiff should prevail in his action'").
The Capoferri court then analyzed the case before it:
Here, the only cause of action alleged in the [plaintiff's] complaint was one for intentional acts by [defendant]. The record reflects that intentional acts by the insured were not within the coverage of the Allstate automobile liability policy. Even if [plaintiff] had proved all of the allegations in his complaint and taken a judgment against [defendant] based on the rule set forth above, Allstate would have been under no obligation to indemnify [defendant]. Therefore, since Allstate had no duty to defend in this matter, the trial court properly granted judgment for Allstate on its motion for summary judgment.
322 So.2d at 627.
In the instant case, the only causes of action alleged in the Ropers' complaint were for a prescriptive easement and statutory way of necessity. Unrecorded easements, however, were not within the coverage of the title insurance policy. Even if the Ropers proved their case and got a judgment against appellee, appellant would have been under no duty to indemnify appellee. Therefore, applying the rationale in Capoferri, appellant had no duty to defend.
Appellee argues that Schedule B, paragraph 2 is ambiguous and that the trial court correctly resolved this ambiguity against appellant under McDaniel and Tropical Park. However, in neither of those two cases did the court hold that an insurer was required to defend an action against its insured where it was not obligated to indemnify the insured.
Tropical Park is the most relevant of the two cases. There appellant insurer refused to defend its insured, Tropical Park racetrack, against a claim brought by Alfonso Perez. Perez sued claiming that as a "freelance jockey" he was injured due to Tropical Park's negligence while exercising a horse at the racetrack. Appellant refused to defend, relying on an exclusionary clause in the policy denying coverage to the track "for bodily injury claims on account of injury to any person while practicing for or participating in any contest or exhibition of an athletic or sports nature sponsored by the insured." 357 So.2d at 254.
The appellate court held that the exclusionary clause was inapplicable to deny coverage, that appellant was obligated under the policy to pay the insured for any judgment arising out of the claim, and that appellant was contractually obligated to defend the lawsuit based on the claim. Id. at 255. The court, construing the policy strictly against the insurer, found that Perez was merely an "exercise boy" and was not "practicing for or participating in any contest or exhibition of an athletic or sports nature."
The significance of Tropical Park, if any, to the instant case is that where the insurer is obligated under the policy to pay the insured for a judgment arising out of a claim, it is obligated to defend in the suit. The logical corollary appears to be that where an insurer is not liable under the policy to pay the insured for a judgment arising out of a claim, it has no duty to defend the action for the insured. Here, under Schedule B, paragraph 2, appellant excluded unrecorded easements from the policy's coverage. The Ropers sought to establish a prescriptive (unrecorded) easement *517 on appellee's property. Since appellant was not liable under the policy for such a claim, it had no duty to defend appellee's title in that action.
REVERSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Appellee retained private counsel and was ultimately successful in defending her property when this court, in Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980), held that the Ropers had not sufficiently proved the existence of a prescriptive easement.