**GREAT AMERICAN BANK OF the FLORIDA KEYS, Plaintiff,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant.**

United States District Court, S.D. Florida.

Dec. 10, 1986.

---

Martin B. Woods, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, Fla., for plaintiff.

Thomas H. Boyd, Blackwell Walker Fascell & Hoehl, Miami, Fla., for defendant.

## FINAL SUMMARY JUDGMENT

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Defendant Aetna Casualty and Surety Company's ("Aetna") Motion for Summary Judgment. After careful consideration of the motion, response, reply, memoranda, oral argument held on December 4, 1986, and being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. Great American Bank of the Florida Keys ("Great American") brought this cause of action against Aetna for indemnification of attorney's fees from a lawsuit in which Great American was sued for breach of contract. Great American claims that its Bankers Blanket Bond, issued by Aetna, covers the defense of such a claim. Aetna claims that the Bond only provides coverage for allegations of fraud or dishonesty, and did not initially provide indemnification because the suit was not within the Bond's coverage.

2. In the independent action brought against Great American, styled *Walter Heller & Co. of Georgia v. The First National Bank of the Upper Keys*, #77-5503-Civ-JWK, Heller brought an action against Great American for specific performance of a loan purchase agreement. Great American then filed a Notice of Possible Loss with Aetna under its Bankers Blanket Bond. In its Notice of Possible Loss, the bank claimed that Robert Dunn, former president of the bank, had executed the Heller Contract without the approval, knowledge, or authority of the Bank. Great American also claimed that Mr. Dunn's conduct was dishonest and fraudulent and that it could result in a loss covered under the Bond.

The terms of the Bond expressly provide coverage for "loss through any dishonest or fraudulent act of the employees," but does not provide coverage for breach of contract claims. Aetna, asserting that the Heller Complaint and loss were not covered by the terms of the Bond, did not provide counsel for the bank's defense of the lawsuit. Great American obtained its own counsel and litigated the Heller suit which resulted in a jury verdict for Heller with an award of zero damages. The bank thereafter filed a Proof of Loss claim with Aetna seeking indemnification of the attorney's fees and litigation costs it incurred in defending the Heller action. Aetna denied coverage and this action ensued.

3. Both Great American and Aetna agree that the material facts bearing upon coverage are the terms of the bond and the allegations of the Heller Complaint. The dispute arises as to whether the allegations underlying the Heller Complaint bring the action within the Bond's coverage.

4. Great American claims that, although Heller brought its action based upon a contract theory with the absence of allegations of fraud or dishonesty, the complaint was unclear or ambiguous and set forth a claim which was partially or potentially within the Bond's coverage.

5. The well-established rule in Florida is that the "allegations of the complaint govern the duty of the insurer to defend." *National Union Fire Ins. Co. v. Lenox Liquors*, 358 So.2d 533, 536 (Fla.1977). In the case at bar, the Heller Complaint alleged breach of contract, stating, "Heller has complied with all conditions precedent required to be complied by it in connection with Plaintiff's Exhibits....Notwithstanding same Bank has failed and refused to pay the monies required to be paid pursuant to the Agreement between the parties."

Paragraph 13 of the Heller Complaint. The complaint does not allege a state of facts within the coverage of the Bankers Blanket Bond, as there are no allegations of fraud or dishonesty.

The Florida Supreme Court in *National Union, supra,* held that since the original complaint did not allege facts which would bring the cause within the coverage of the insurance policy, the insurer had no duty to defend. *National Union* at 536.

6. The Eleventh Circuit has adopted Florida's general rule that "the duty to defend depends solely on the allegations in the complaint filed against the insured." *Trizec Properties v. Biltmore Const. Co.,* 767 F.2d 810, 811 (11th Cir.1985). In *Trizec,* the Eleventh Circuit Court of Appeals found that the allegations in that complaint were broad enough to "fairly bring the cause within the coverage of the insurance contract." *Trizec* at 813. In that case, however, the dispute over coverage turned on whether the claims were covered under the time-frame of the policy. The terms of the coverage were clear in *Trizec,* just as the terms of coverage are clear in the instant case. The Heller Complaint alleges breach of contract claims which are simply not covered under the Bond. There never was a "potential for coverage" in this action. *Trizec* at 813.

7. The Supreme Court of Florida recently confirmed the aforementioned rule of insurer's duty to defend in *Pioneer National Title Insurance Co. v. Fourth Commerce Properties Corp.,* 487 So.2d 1051 (Fla.1986). In *Pioneer,* the court reasoned that to hold an insurer liable for an action not covered under the policy would force insurers "to underwrite risks not bargained for by either party." *Pioneer* at 1054.

Based upon the foregoing findings, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment is GRANTED.