LEWIS, Justice,
concurring in part and dissenting in part:
While I concur with the majority’s conclusion with regard to the first question certified to this Court by the Eleventh Circuit, and agree that the allegations contained within Elaine Scarfo’s complaint against Victor Ginsberg do not constitute an invasion of privacy under Florida law, I believe the Court prematurely ends the analysis without addressing whether the accusations implicate conduct otherwise covered by Ginsberg’s personal liability policy. In my view, the complaint in the instant case alleges torts that fall within the scope of the policy and, thus, trigger Allstate’s duty to defend. Consequently, I believe the Court is remiss in failing to address, and answer in the affirmative, the second certified question, which pertains to whether allegations of unwelcome sexual touching and offensive sexual comments constitute an “occurrence” under Florida law for purposes of insurance coverage. Accordingly, I dissent from the majority’s opinion.
In rendering its determination without fully analyzing whether the alleged actions fall under Ginsberg’s policy, the majority ignores well-accepted principles of insurance contract interpretation. Long ago, this Court determined that “[t]he allegations of the complaint govern the duty of the insurgr to defend.” Nat’l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977). “Accordingly, if the complaint, fairly read, contains any allegations which could fall within the scope of coverage, the insurer is obliged to defend the entire action.” Psychiatric Assocs. v. St. Paul Fire & Marine Ins. Co., 647 So.2d 134, 137 (Fla. 1st DCA 1994). This duty applies regardless of whether an inartfully drafted complaint buries or convolutes the harms alleged, see Psychiatric Assocs., 647 So.2d at 138, or includes allegations that fall outside the scope of coverage. See Tropical Park, Inc., v. United States Fidelity & Guar. Co., 357 So.2d 253, 256 (Fla. 3d DCA 1978) (“Where the complaint contains allegations partially within and partially outside the scope of coverage, the insurance carrier is required to defend the entire suit.”). Any dispute regarding an insurer’s duty to defend must be resolved in favor of the insured. See Psychiatric Assocs., 647 So.2d at 137.
Applying these well-settled principles to the instant case, it is, in my view, beyond dispute that Scarfo’s complaint alleges injuries that are within the definitions of coverage under Ginsberg’s personal liability policy. As explained in the majority’s opinion, the underlying complaint alleged that Scarfo was subjected to “ongoing and pervasive” offensive and unwelcome conduct, including inappropriate touching of a sexual nature. The conduct and alleged harm suffered by Scarfo as a result of this behavior surely constitutes an “occurrence,” which under the wording of the Allstate policy includes “a continuous exposure to conditions.” The policy further provides that an “occurrence” can include a “personal injury,” a category comprised of a number of possible harms, including mental anguish and injury, humiliation, and discrimination. These are precisely the types of harms alleged in Scarfo’s complaint. Thus, from the perspective of a pure coverage analysis, without reference to exclusionary provisions, the matters alleged fall within the definition of “coverage.”
*485 Once it is established that the alleged events fall under the coverage definition, the focus must shift to whether any of the policy’s exclusionary provisions would ultimately preclude indemnity. As indicated by the third and fourth questions certified by the Eleventh Circuit, the instant factual scenario may implicate two exclusions in Ginsberg’s personal liability policy — the business and intentional acts exclusions. However, a reviewing court cannot summarily determine whether these exclusions do, in fact, apply. To the contrary, especially with regard to the intentional acts exclusion, such a decision requires a substantial fact-based analysis most properly conducted at the trial court level. Yet, as a result of the majority’s truncated analysis of the scope of coverage in the instant case, the Eleventh Circuit will not have the information pertaining to Florida law it needs to meaningfully review the district court’s grant of summary judgment in favor of Allstate, and to decide whether the action should proceed to trial.
Clearly, the parameters of “personal injury” covered by the policy include more than the tort of invasion of privacy which the majority has deemed — correctly in my opinion' — inapplicable to the instant case. However, a fair reading of the allegations in the complaint inescapably leads to the conclusion that the matters fall under the policy’s coverage definitions. By ending the analysis without addressing alternative existing bases within the coverage definitional parameters, the majority’s decision unnecessarily obfuscates the coverage analysis in the instant case and jeopardizes the continued viability of established principles of policy interpretation in this state. For these reasons, I dissent.