Mark E. Walker, United States District Judge
This matter is before the Court on ECF No. 34, Plaintiff's Motion for Summary Judgment, to which Defendants Fuetter and Jamie Griffin, Inc., have responded. Also pending is Defendant Fuetter's Counter Motion for Summary Judgment, ECF No. 37. For the reasons which follow, the *1169 Plaintiff's Motion for Summary Judgment is granted and the Defendant's Counter Motion for Summary Judgment is denied.
In this case, Freddy Kaim, the "superintendent" of Jamie Griffin, Inc., a construction firm, loaded his own trailer with debris from a work site. Kaim Dep. 8-9, ECF No. 34 ex. C. He then went home and added some personal trash and debris from his house. Id. at 15-16. He then left to drive all of it to the Levy County Landfill. Id. at 16. On the way, four pieces of debris flew out of the trailer and struck motorcyclist Judith Fuetter in the scalp, forehead and nose. Fuetter Dep. 24, ECF No. 34 ex. B. At the time, Jamie Griffin, Inc., was covered by an insurance policy from Accident Insurance Company. Jamie Griffin Dep. 21, ECF No. 34 ex. D.
The policy had the following coverage provision:
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
Comm. Gen. Liab. Coverage Form 1, ECF No. 1 ex. B (starting at page 6 of the PDF). With regard to the definition of "insured", the policy states as follows:
SECTION II-WHO IS AN INSURED
1. If you are designated in the Declarations as:
c. A limited liability company, you are an Insured. Your members and also insureds, but only with respect to the conduct of your business. Your managers are Insureds, but only with respect to their duties as your managers.
d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
2. Each of the following is also an insured:
a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company), or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
Id. at 9-10. In the declarations, Jamie Griffin, Inc., is declared to be a corporation. Gen. Liab. Decl. Page 1, ECF No. 1 ex. B (starting at page 1 of PDF).
The policy also contained the following exclusion:
2. Exclusions:
* * * *
g. Aircraft, Auto Or Watercraft
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
This exclusion applies even if the claims against any insured alleged negligence or other wrongdoing in the supervision, *1170 hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
Comm. Gen. Liab. Coverage Form at 4. In Section V the term "Auto" is defined as follows:
a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
Id. at 13.
Eventually, Fuetter filed suit in state court against the construction company and the superintendent. State Court Compl., ECF No. 1 ex. A. It is unclear whether the insurer defended the suit or was even asked to. The underlying action was voluntarily dismissed by Defendant Fuetter without prejudice on May 23, 2016. The parties agree that no underlying suit based on Defendant Fuetter's injuries is currently pending. Pl.'s Resp. in Support of Summ. Judg. 12-13, ECF No. 39; Deft. Jamie Griffin, Inc., Resp. in Opp. to Summ. Judg. 2-3, ECF No. 36; Deft. Fuetter's Counter Mot. for Summ. Judg. 2, ECF No. 37.
In October of 2016, five months after the underlying state case was voluntarily dismissed, the insurer filed a declaratory action in this Court. ECF No. 1. In the one-count complaint, the insurer sought the following relief: (1) declare the rights and responsibilities of the parties under AIC Commercial General Liability Policy of Insurance; (2) issue a declaration that Accident Insurance Company has no duty to defend or indemnify Freddy Kaim and Jamie Griffin, Inc. under the Policy for loss or damage arising from or relating to the described accident; and (3) issue a declaration that there is no coverage for liability under the AIC Commercial General Liability Policy. Id.
Eventually, the insurer moved for summary judgment, arguing that there is no genuine issue of material fact concerning whether coverage for the injuries to Defendant Fuetter is excluded by the "Aircraft, Auto Or Watercraft" exclusion in the policy. ECF No. 34. That is, the insurer argues that Defendant Kaim is an employee of the construction firm, a corporation. Therefore, under Section II.2.a, he is an "insured." The insurer further argues that the bodily injury arose out of the use of the trailer owned by and operated by Defendant Kaim while he was performing duties relating to the conduct of the construction firm's business-the dumping of trash and debris from a job site. A trailer is defined to be an auto in the policy. Thus, tracking the language of the auto exclusion from the policy, the insurer concludes that the any potential claim arising from Defendant Fuetter's injuries would involve "bodily injury ... arising out of the ownership ... [or] use ... of any ... auto ... owned or operated by ... any Insured."
In its response to the motion for summary judgment, ECF No. 36, the construction firm did not debate the merits of the motion. Instead, the firm pointed out that no underlying state case against the firm or Kaim is currently pending, thus, any declaratory judgment would, in the firm's view, be premature or speculative. Defendant Fuetter also makes this argument, but casts it as a counter motion for summary judgment. ECF No. 37.
This Court must begin with whether this case presents a justiciable controversy.
*1171 The Eleventh Circuit has held that federal courts sitting in diversity jurisdiction should look to state law to determine the propriety and timing of a declaratory judgment to determine the duty to defend and coverage for indemnity. Composite Structures, Inc. v. Cont'l Ins. Co. , 560 Fed.Appx. 861, 864 (11th Cir. 2014). The parties agree that Florida law applies to this question. Deft. Fuetter's Resp. to Summ. Judg. 9, ECF No. 37; Deft. Jamie Griffin, Inc., Resp. to Summ. Judg. 2, ECF No. 36; Pl.'s Mot. for Summ. Judg. 7, ECF No. 34.
The Florida Supreme Court has specifically ruled on whether a declaratory judgment could be granted on the issue of coverage before a complaint is filed. This Court agrees with Defendants that the traditional rule in Florida had been that since "[t]he allegations of the [underlying] complaint govern the duty of the insurer to defend" an insurer could not obtain a declaration of whether coverage existed until after a complaint was filed. National Union Fire Insurance Co. v. Lenox Liquors, Inc. , 358 So.2d 533, 536 (Fla. 1977). However, in Higgins v. State Farm Fire & Cas. Co. , 894 So.2d 5 (Fla. 2004), the Florida Supreme Court indicated that a court can consider the facts underlying a claim even if those facts are not set out in a complaint. The Court even addressed the situation where no complaint has yet been filed:
In respect to issues concerning the obligation to defend when there is no complaint and concerning insurance policy coverage for indemnity, we agree with the well-reasoned analysis of Judge Gross in the case below for the en banc Fourth District. We agree that the Court's use of declaratory judgments has evolved since this Court's decision over fifty years ago in Columbia Casualty [Co. v. Zimmerman , 62 So.2d 338 (Fla. 1952) ]. We conclude that in this decision we should give effect, for use in insurance coverage disputes, to all of the sections of Florida's declaratory judgments statutes and not limit the application of those statutes in these disputes to only the one section relied upon in Columbia Casualty. We believe that declaratory judgments are and can increasingly be a valuable procedure for the resolution of insurance coverage disputes to the benefit of insurers, insureds, and claimants.
Id. at 10. The Higgins Court also listed some downsides of not allowing a declaratory action before the filing of the suit:
We conclude that it is illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy. Why should an insured be placed in a position of having to have a substantial judgment against the insured without knowing whether there is coverage from a policy? Why should an insurer be placed in a position of either paying what it believes to be an uncovered claim or being in jeopardy of a bad faith judgment for failure to pay a claim? These are precisely the issues recognized by this Court in other contexts that are intended to come within the purpose of the declaratory judgment statute's "relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations."
Id. at 15. The Higgins Court thus agreed with the lower court's decision to resolve the issue of coverage prior to the resolution of the underlying action. Id. at 17. This Court will do the same in the instant case.
As an initial matter, this Court finds that the language in the policy concerning whether Defendant Kaim is an "insured" is not ambiguous. He is an insured. Defendant Fuetter argues that the Commercial General Liability ("CGL") policy *1172 is ambiguous because Section II.2 provides that each of the following is also an insured without defining what a "manager" is under the policy:
a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company), or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
Deft. Fuetter's Resp. to Summ. Judg. 10, ECF No. 37. This argument misses the mark for two reasons.
First, the beginning of Section II.2 states that each of the individuals listed in the paragraph is "also an insured." The reason it says "also" is that Section II.1.c had already provided that, if the entity taking out the policy is designated as a limited liability company, "Your managers are Insureds, but only with respect to their duties as your managers." Thus, managers did not need to be made insureds by Section II.2.a.
The second problem with Defendant Fuetter's argument is that Section II.2.a expressly limits the clause containing managers to the scenario where "you are a limited liability company." Jamie Griffin, Inc., is a corporation and is so designated in the policy declarations. Gen. Liab. Decl. Page 1, ECF No. 1 ex. B (starting at page 1 of PDF). There is no ambiguity here: the language concerning managers only applies when the entity involved is a limited liability company.
Defendant Fuetter also argues that under Sebo v. American Home Assurance Co., Inc. , 208 So.3d 694 (Fla. 2016), this Court should decline to find that the injuries to Defendant are ones "arising out of" the use of the auto. That is, she argues that it was the negligence of Defendant Kaim in using an open trailer to haul trash and to travel at 60 mph while hauling the trash, and not merely the use of an auto, that caused the injuries.
In Sebo , the insureds entered into a homeowner's insurance policy which covered all risks in the coverage portions but then excluded various risks in the exclusions section. Specifically, the policy excluded any claims based on defective construction. With regard to what caused the property damage to the home, the Court found that it was
not in dispute that the rainwater and hurricane winds combined with the defective construction to cause the damage to Sebo's property ... there is no reasonable way to distinguish the proximate cause of Sebo's property loss-the rain and construction defects acted in concert to create the destruction of Sebo's home.
Sebo v. Am. Home Assurance Co. , 208 So.3d 694, 700 (Fla. 2016), reh'g denied, No. SC14-897, 2017 WL 361132 (Fla. Jan. 25, 2017). The Sebo Court then declined to apply the defective construction exclusion because it could not determine if it were only defective construction that caused the harm.
The Court did so relying upon a California case, State Farm Mut. Auto. Ins. Co. v. Partridge , 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123, 133 (1973). In that case, an individual altered a .357 Magnum pistol so that it had a hair trigger and carried it with him in his vehicle. While he was driving, he swerved to chase a jack rabbit, hit a bump and caused the pistol to discharge, shooting a third party. His homeowner's insurer sought to deny coverage based on an exclusion for injuries arising out of use of an automobile. The Partridge Court emphasized that the crucial question is *1173 whether the language of the policy covers such a situation:
Thus, even if we assume that the connection of the car with the accident is the type of non-ambiguous causal relationship which would normally bring the exclusionary clause into play, the crucial question presented is whether a liability insurance policy provides coverage for an accident caused jointly by an insured risk (the negligent filing of the trigger mechanism) and by an excluded risk (the negligent driving). Defendants correctly contend that when two such risks constitute concurrent proximate causes of an accident, the insurer is liable so long as one of the causes is covered by the policy.
State Farm Mut. Auto. Ins. Co. v. Partridge , 10 Cal.3d 94, 102, 109 Cal.Rptr. 811, 514 P.2d 123 (1973).
Sebo and Partridge can be distinguished from the instant case for two reasons. First, the two risks involved in each case were much more unrelated than the two risks in the instant case. Defective construction and an act of God such as a hurricane are not intrinsically related to each other, and the altering of a firearm is not typically associated with driving a car erratically. On the other hand, the risk of loading a trailer negligently and driving too quickly is intrinsically related to using the trailer. Thus, the instant case does not really consist of two risks combining to cause the harm. Instead it was a single risk involving the manner of use of the trailer.
Second, unlike in Partridge and Sebo , the auto exclusion language in the instant case specifically referred to the scenario that happened here. The last sentence of the first paragraph provides that "[u]se includes operation and 'loading or unloading.' " More importantly, the second paragraph of the auto exclusion provides that "This exclusion applies even if the claims against any insured alleged negligence." Thus, under the plain language of the policy, the exclusion applies to claims involving the use of a trailer even if those claims are based on negligent loading of the trailer.
In conclusion, because claims arising out of the use of the trailer would be excluded from coverage by the language of the auto exclusion, the insurer is entitled to a declaratory judgment that no coverage exists under the policy. Because of that, the insurer has no duty to defend or indemnify claims relating to Defendant Kaim's use of the trailer. Accordingly,
IT IS ORDERED:
Plaintiff's Motion for Summary Judgment, ECF No. 34, is GRANTED, and Defendant Fuetter's Counter Motion for Summary Judgment, ECF No. 37, is DENIED. The Clerk is directed to enter judgment stating:
Judgment is entered in favor of Plaintiff Accident Insurance Company declaring the rights and responsibilities of the parties under AIC Commercial General Liability Policy of Insurance as follows: (1) Accident Insurance Company has no duty to defend or indemnify Freddy Kaim and Jamie Griffin, Inc. under the Policy for loss or damage arising from or relating to the accident describing the Complaint in this case; and (2) There is no coverage for liability under the AIC Commercial General Liability Policy.
The Clerk is directed to close the file.
SO ORDERED on May 24, 2017.