PER CURIAM.
The appellants purchased certain homeowners insurance from the appellee, with provisions covering “unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by the insured, while on the premises, * * * The policy further provided that certain personal property of the insureds while off the premises and used in business was excluded from coverage, as follows:
* * * * * *
“2. Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an Insured, or at the option of the Named Insured, owned by a guest while in a temporary residence of, and occupied by an Insured or owned by a residence employee while actually engaged in the service of an Insured and while such property is in the physical custody of such residence employee or in a residence temporarily occupied by an Insured. Property pertaining to a business is not covered.” [emphasis added]
No such exclusion applied to such personal property if on the premises.
The insureds suffered a loss by virtue of the husband’s “tools of his trade” being stolen from his employer’s truck while parked on the insureds’ premises. Suit was brought and the trial judge, sitting non jury, denied recovery, finding the “tools of the trade” should not be included in the unscheduled personal property. We reverse. -
Insurance contracts are prepared by the insurers and are construed most strongly against the companies preparing them. Miller Electric Company of Florida v. Employers’ Liability Assurance Corporation, Fla.App. 1965, 171 So.2d 40; Hartnett v. Southern Insurance Company, Fla. 1965, 181 So.2d 524; Financial Fire & Casualty Company v. Callaham, Fla.App. 1967, 199 So.2d 529; Americas Aviation & Marine Insurance Co. v. Beverly Bank, Fla.App. 1969, 229 So.2d 314. Any ambiguity in the policy is resolved adverse to the insurer. Continental Casualty Company v. Borthwick, Fla.App. 1965, 177 So.2d 687; St. Paul Fire and Marine Insurance Company v. Icard, Merrill, Cullis & Timm, Fla.App. 1967, 196 So.2d 219; Financial Fire & Casualty Company v. Callaham, supra. When an insurance company makes reference to an item in an exclusion as in the instant case [no liability for business chattels while off the premises], by implication there would be liability when the business chattels or “tools of the trade” were on the premises. Palatine Insurance Company v. Whitfield, 73 Fla. 716, 74 So. 869; Poole v. Travelers Insurance Company, 130 Fla. 806, 179 So. 138; National Automobile Insurance Association v. Brumit, Fla. 1957, 98 So.2d 330; Osborne v. Security Insurance Company, 155 Cal.App.2d 201, 318 P. 2d 94; Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell, 192 Tenn. 627, 241 S.W. 2d 595; 18 Fla.Jur., Insurance, § 94; Vol. 1, Couch on Insurance 2d, §§ 15:47, 15:92.
This opinion is not to be construed as holding that “tools of the trade” will at all times be included in unscheduled personal property under a homeowners policy, but is limited to the specific facts of this case, *739 wherein the policy specifically excluded them while off the premises and remained silent while on the premises.
The judgment here under review in this cause having been adverse to the insureds, the same is hereby set aside and reversed with directions to enter a judgment for the appellants in the sum of $4,144.02,[1] plus interest, costs, and reasonable attorney’s fees.
Reversed and remanded, with directions.

. No evidence was offered by the insurance company to dispute the value, as proved by the appellants, and therefore this opinion holding that the appellants are entitled to recovery they should be entitled to recover the amount they established during the trial of this cause.