397 So.2d 317 (1981)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Clarence E. JONES and Vivian E. Jones, Appellees.
Nos. 78-2224, 79-141.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
Rehearing Denied May 12, 1981.
*318 Jack Miller of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellant.
Sam D. Phillips, Jr. of Phillips, Babbitt & Cook, P.A., West Palm Beach, for appellee.
MOORE, Judge.
These are consolidated appeals from a declaratory judgment action in which a final judgment awarded attorneys fees to the appellees and from a subsequent order which determined the amount of those fees. The sole determinative issue is whether a wife-passenger in an automobile owned by her husband and driven by him is an insured under the terms of an automobile liability insurance policy issued to her husband so as to give rise to a duty on the part of the insurance company to defend her against a claim of negligence. A peripheral question is whether the allegations of a complaint can impose upon an insurer a duty to defend anyone who is a passenger in an insured automobile. We hold that *319 under the facts of this case the insurance company had no duty to defend and reverse.
The facts are relatively complicated. The appellees, Clarence Jones and his wife Vivian, were involved in an automobile accident with Darrell Halling. Mr. Jones was driving the automobile which he owned and his wife was a passenger. Mr. Jones was insured under an automobile liability insurance policy issued by the appellant, Auto-Owners Insurance Company. When the Hallings filed a claim against Mr. Jones seeking damages from the accident, the appellant paid its policy limits to the Hallings and obtained a general release in favor of itself and Mr. Jones. Two years later, the Hallings filed suit against Mr. and Mrs. Jones for injuries allegedly sustained in the same accident. The basis for the suit against Mrs. Jones was that she negligently failed to prevent her husband, who was allegedly intoxicated, from driving the vehicle. Although the appellant agreed to defend Mr. Jones in this action, it refused to defend Mrs. Jones.
Mr. and Mrs. Jones then retained the services of their present counsel to defend the suit brought by the Hallings and to file a declaratory judgment action against the appellant to determine appellant's obligations to Mrs. Jones. Approximately one week after the declaratory judgment action was filed, appellant voluntarily agreed to defend Mrs. Jones but refused to compensate her for the attorneys fees incurred in connection with prosecution of the declaratory judgment action and the defense of the Hallings' suit up to that time. The appellant denied liability for attorneys fees pursuant to its contention that it was not obligated to defend Mrs. Jones because she was not an insured under the policy issued to Mr. Jones. Before the declaratory judgment was decided by the court, the negligence action by the Hallings was terminated in the Jones' favor.
Thereafter, the trial court entered judgment in favor of the appellees in the declaratory judgment action. The pertinent findings of the final judgment were that (1) Mrs. Jones was an insured under the terms of the policy issued by the appellant, (2) Mrs. Jones was entitled to a reasonable attorneys fee for defending the suit brought by the Hallings for that period of time until the appellant assumed the defense of Mrs. Jones, and (3) she was entitled to attorneys fees for the successful prosecution of the declaratory judgment action. The appellant contends that it was not obligated to defend Mrs. Jones in the negligence suit because she was not an "insured" person under the policy issued to Mr. Jones. Thus, since there was no duty to defend, appellant asserts that the trial court incorrectly found such a duty and improperly assessed an attorneys fee against the appellant. We agree.
Obviously, there is no duty on the part of an insurance company to defend anyone who is not an insured under the terms of the policy. The pertinent provisions of the policy involved here with regard to the definition of the word "insured" are:
A. "INSURED" shall mean:
(1) Whenever used in coverages A and B (liability coverages) and in other parts of this policy when applicable to these coverages, the named insured and any person using the automobile and any person or organization legally responsible for its use, provided the actual use thereof is with the permission of the named insured or if the named insured is an individual, with the permission of an adult member of the household who is not a chauffeur or domestic servant... .
(2) Wherever used in Coverage D, and in other parts of this policy when applicable thereto: (a) the first named insured if an individual and not a corporation, firm or partnership, and while residents of the same household, the spouse of the first named insured and, if not owning any automobile, the relatives of either; (b) any person while in, upon, entering or alighting from an automobile to which Coverage A of this policy applies; (c) any person, with respect *320 to damages he is entitled to recover for care or loss of services because of bodily injury to which Coverage D applies. (Parenthetical and emphasis added.)
Thus, for purposes of liability coverage to third persons, Mrs. Jones would be an insured under paragraph (1) if she qualified in any one of three instances. First, she would be an insured if she were the named insured which she obviously is not. Secondly, she would be an insured if she used the automobile with the permission of the named insured. It is undisputed that Mrs. Jones was not actually "using" the automobile since she was merely a passenger. Therefore, Mrs. Jones would be an insured only if she was "legally responsible for the use of the automobile." It is this third category which the appellee contends brings Mrs. Jones within the coverage provisions of the policy, and therefore, creates a duty to defend on the part of the appellant.
It is well settled in Florida that an insurer's duty to defend an action against its insured is determined by the allegations of the complaint. National U. Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1978). The complaint must allege a state of facts within the coverage of the insurance policy in order to establish a duty to defend. Conversely, there is no duty to defend a suit where the complaint fails to bring the case within the coverage of the policy. National U. Fire Ins. Co., supra. The sole allegation against Mrs. Jones in the complaint filed by the Hallings is that she negligently failed to prevent her husband from operating the automobile, even though she well knew that he was incapable of safely operating it. We hold that this allegation fails to fall within the definition of "any person or organization legally responsible for its (the automobile) use." Consequently, the allegations of the complaint do not bring Mrs. Jones within the definition of an insured under the terms of paragraph (1) above and there is no duty on the part of appellant to defend her.
The appellees also contend that if Mrs. Jones is not considered an insured under Paragraph (1), she then falls within Paragraph (2) of the definition of insured. It is argued that the underlined portion of Paragraph (2) amplifies Paragraph (1) and grants to the spouse all of the protections afforded the named insured as it relates to Coverage D (the uninsured motorist protection provisions) and all other coverages recited in the policy of insurance. The meaning of this section is clear. "In other parts of this policy" means those parts of the policy other than coverages A, B and D, wherever the term "insured" is used. Otherwise, there would be no purpose in having two different definitions of the term "insured". The paragraph (1) definition is for purposes of liability to third parties, and the paragraph (2) definition is for purposes of uninsured motorist protection and all other coverage under the policy, not including liability to third persons.
Since we find that Mrs. Jones was not an insured under the terms of the policy, the trial court erred in awarding her an attorneys fee for retaining private counsel to defend the claim of the Hallings and for prosecuting the declaratory judgment action. Accordingly, the final judgment of the trial court is reversed.
DOWNEY and ANSTEAD, JJ., concur.