**ABC DISTRIBUTING, INC., a Florida Corporation, Plaintiff-Appellant,**

**v.**

**LUMBERMENS MUTUAL INSURANCE CO., an Ohio Corporation, Defendant-Appellee.**

**No. 80–5772**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

May 29, 1981.
Rehearing Denied July 2, 1981.

---

Stephen J. Spitz, Sperling, Slater & Spitz, Chicago, Ill., John Fuller, Fuller, Feingold, Well & Scheer, Miami Beach, Fla., for plaintiff-appellant.

Joe N. Unger, Miami, Fla., for defendant-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

We have carefully reviewed the record and briefs filed on behalf of the parties. Finding no error, we AFFIRM on the basis of the "Order on Cross-Motions for Summary Judgment" by the Honorable James Lawrence King, United States District Judge, filed September 3, 1980, a copy of which is appended hereto.

AFFIRMED.

## APPENDIX

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This matter arose upon cross-motions for summary judgment filed by the plaintiff and the defendant. Both motions have been fully briefed and were argued at the pre-trial conference. Supplemental memoranda were provided by the parties following oral argument at the pre-trial conference.

The plaintiff, ABC Distributing, Inc. (hereinafter ABC), contends that the defendant herein, Lumbermens Mutual Insurance Co. (hereinafter Lumbermens), should have defended a prior suit brought against ABC. In that prior litigation, ABC was sued by Lighting Systems, Inc. in a seven-count complaint alleging trademark infringement and other related causes of action. The prior litigation ended in a settlement in which ABC paid $5,000 after having incurred an alleged $37,504.71 in litigation expenses.

The central issue in this present case is whether Lumbermens had a duty to defend the prior action. This issue is appropriate for determination upon a motion for summary judgment because, as both parties agree, an insurance company's duty to defend an action against its insured is determined by examining whether the allegations of the underlying complaint against the insured fall within the coverage of the insurance policy.

The arguments of the parties can be summarized as follows: Lumbermens asserts that it had no duty to defend the prior lawsuit because the Lighting Systems complaint alleged that the actions of ABC had all been intentional. Lumbermens argues that intentional injuries are excluded by the policy provision limiting, *inter alia*, recoverable "occurrences" to "property damage ... neither expected nor intended from the standpoint of the Insured." Lumbermens concludes that since the acts alleged in the Lighting Systems complaint were excluded under the policy it had no duty to defend ABC in that prior litigation.

In opposition, ABC argues that although the prior complaint alleged that its acts "were willful and deliberate, and without any claim of right, and were attended by circumstances of fraud, malice or wanton and reckless disregard of [Lighting System's] rights," Lighting Systems Complaint ¶ 37, a recovery against ABC could have been obtained without proof of such intent on at least some of the causes of action. ABC contends that since a recovery could have been entered against it irrespective of its alleged intent, Lumbermens had a duty to defend the case.

Jurisdiction in this case is based on diversity of citizenship and therefore, as agreed by the parties, this Court must look to

Florida law for the principles which control this case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Indeed, this Court must act as though it were "only another Court of the State." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945).

Florida courts have adopted a strict rule in cases such as these. The insurance company, in determining whether it has a duty to defend an action against its insured, may rely on the allegations of the complaint. In *National Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533 (Fla.1977) the insured was sued in a complaint alleging that he had "maliciously, willfully, and wantonly" shot a minor. Despite the stipulation by the plaintiff and the insured that any suit would have to proceed on a negligence theory *and* the trial court's express finding that the complained of acts were "unintended and undesigned," the Florida Supreme Court held:

> The allegations of the complaint govern the duty of the insurer to defend. The original complaint filed by McClendon did not allege facts which would bring the cause within the coverage of the insurance policy since the only cause of action alleged was one of intentional acts by Rosen. Therefore, the insurer had no duty to defend.

*Id.*, 358 So.2d at 536. *See also Federal Insurance Co. v. Applestein*, 377 So.2d 229 (Fla.3d DCA 1979); *Capoferri v. Allstate Ins. Co.*, 322 So.2d 625 (Fla.3d DCA 1975).

When Lighting Systems sued ABC, it asserted that ABC had acted intentionally. This assertion was not merely confined to Paragraph 37 of the complaint; rather the complaint is replete with similar allegations. *See* ¶ 22(b), 24, 25(d), 26 and 32. Even if Lighting Systems could have gone to trial on a theory of unintentional trademark violation, just as the minor in *Lenox Liquors* could have gone to trial on a theory of a negligent shooting, under Florida law the insurance company had a right to rely on the averments of the complaint that ABC's actions had been intentional.

Of course, this case does not present a situation in which the insured, having been sued on one theory excluded by the policy, must defend at trial another theory arguably covered by the policy. If such were the case, the insurance company's duty to defend would arise when that alternate and arguably covered theory is advanced. *See, e. g., Federal Ins. Co. v. Applestein*, 377 So.2d at 232–33.

ABC relies on *St. Paul Fire & Marine Ins. Co. v. Icard, Merrill, Cullis & Timm, P.A.*, 196 So.2d 219 (Fla.2d DCA 1967), for the proposition that this Court should examine whether an alternate theory at trial might support a recovery within the coverage of the insurance policy, but this Court concludes that such reliance is misplaced. To the extent that *Icard* remains persuasive authority following *Lenox Liquors*, it must be confined to the instance of a home-drawn, *pro se* complaint. Perhaps in such cases insurance companies are on notice that they cannot rely on "grossly insufficient" and vituperative averments of a complaint to escape their duty to defend. 196 So.2d at 222. The Lighting Systems complaint was not such a complaint. Indeed, the "overall scheme" alleged by Lighting Systems in its complaint against ABC was clearly intentional, as Lighting Systems repeatedly averred, and therefore the complaint came within the intentional act exception to policy coverage. *See Battisti v. Continental Casualty Co.*, 406 F.2d 1318 (5th Cir. 1969).

For the above reasons and after careful consideration of the record in this case, it is hereby

ORDERED AND ADJUDGED that the plaintiff's motion for summary judgment is denied. It is further

ORDERED AND ADJUDGED that the defendant's motion for summary judgment is granted and the case is hereby dismissed.

DONE AND ORDERED in chambers in Miami, Florida, this 27th day of August, 1980.