# PARK LAKE VILLAGE CONDOMINIUM ASSOCIATION, INC. v U.S. FIRE INSURANCE COMPANY

## Case No. 89-28292 (15)

Seventeenth Judicial Circuit, Broward County

April 4, 1990

### APPEARANCES OF COUNSEL

**Matt Hellman, Esquire,** for plaintiff.

**Dennis J. Wall, Esquire,** for defendant.

### OPINION OF THE COURT

ARTHUR M. BIRKEN, Circuit Judge.

### *ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

This Cause having come on Defendant's Motion to Dismiss the complaint filed by Park Lake Village Condominium, and the Court having heard argument of counsel, and being otherwise advised in the premises, makes the following conclusions of fact and law:

1. That on June 8, 1987, Beatrice Irizzary, a resident of Park Lake Village, was allegedly injured as a result of a fall in the parking lot of Park Lake Village Condominium (hereinafter Park Lake). At the time of the injury, GDG Services, Inc., (hereinafter GDG) controlled, operated, supervised or maintained the complex and the parking lot area pursuant to its management contract with Park Lake.

2. That Irizarry sued GDG and in turn, GDG filed a third party complaint against Park Lake under a theory of contribution and indemnification for failure to maintain, repair and notify Irizarry of the alleged condition which resulted in Irizarry's alleged injuries.

3. That Plaintiff Park Lake, filed this declaratory judgment action against Defendant U.S. Fire Insurance Company (hereinafter U.S. Fire), after Defendant U.S. Fire denied coverage to Plaintiff Park Lake in the above-referenced Third Party Complaint.

4. that Plaintiff Park Lake alleges that they are entitled to coverage under the policy issued to GDG by Defendant U.S. Fire. Park Lake alleges that (1) the Management Contract was covered as an incidental contract; (2) the Additional Declaration section provided coverage to the premises in question; and (3) Park Lake was a third party beneficiary of the insurance contract.

5. Plaintiff Park Lake does not appear as a "named insured" in the subject policy. The relevant language as to the classes of persons considered to be "insured" is set forth in Section II of the contract (attached to the Complaint as Exhibit A) entered into between GDG and Defendant U.S. Fire. When looking at the definition of an "insured" under the subject policy, it is evident that Plaintiff does not fall within the ambit of the policy.

6. Section XVI of the subject policy, outlined in Exhibit E, sets forth who will be considered Additional Persons Insured under the policy. Plaintiff Park Lake is not named in the policy as an "additional insured" nor does it fit into any of the categories of "additional insured."

The words found in a contract are to be given meaning and are the best possible evidence of the intent of the contracting parties. *Jacobs v Petrino,* 351 So.2d 1036 (Fla. 4th DCA 1976), *cert. den.* 349 So.2d 1231 (Fla. 1977). There is no duty on the part of an insurance company to defend anyone who is not an insured under the terms of the policy. *Auto-Owners Ins. Co. v Jones,* 397 So.2d 317, 319 (Fla. 4th DCA 1981); *Nateman v Hartford Casualty,* 544 So.2d 1026 (Fla. 3d DCA 1989).

7. Plaintiff Park Lake contends that it is entitled to be provided a defense by U.S. Fire in the Third Party Complaint by virtue of the "Incidental Contract" provision. The definition of "Incidental Contract" as set forth in the General Liability Extension Endorsement, Exhibit A, is extended to "include any contract or agreement relating to the conduct of the named insured's business." Defendant U.S. Fire agrees in Exhibit E that GDG's Management Agreement with Park Lake would be considered an incidental contract. This, however, would entitle GDG, the "named insured" to coverage, not Park Lake.

8. Plaintiff Park Lake next contends that the Additional Declaration section provided coverage to the premises in question. This Section provides that the Additional Declaration refers to "location of all premises owned by, rented to or controlled by the named insured." The Section further provides that "the following discloses all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein - Locations on file with company."

There is no question that the premises were insured by virtue of the incidental contract provision and the additional declaration. However, the coverage was for the benefit of GDG, the "named insured". There is no indication that the Additional Declaration elevated Park Lake, the Association, as opposed to Park Lake, one of the listed "hazards", to the status of an insured or additional insured.

9. Finally, Plaintiff Park Lake contends that it is a third party beneficiary to the policy. In order for one to qualify as an intended third party beneficiary, it must be shown that the contracting parties intended to confer a direct and primary benefit on the third party. *Security Mutual Casualty Co. v Pacura,* 402 So.2d 1266 (Fla. 3d DCA 1981).

While it is unquestionable that Park Lake would derive incidental or consequential benefit from the enforcement of the incidental contract provision, there is no showing that the contracting parties, U.S. Fire and GDG intended to confer a direct or primary benefit on Park Lake. When a contract is designed solely for the benefit of the parties thereto, third persons cannot maintain an action thereon, even though such third persons might derive some incidental or consequential benefit from its enforcement. *Muravchick v United Bonding Insurance Co.,* 242 So.2d 179 (Fla. 3d DCA 1970); citing *American Surety Co. of New York v Smith,* 100 Fla. 1012, 130 So. 440 (1930).

10. Where there is an inconsistency between the general allegations of material facts and the specific facts revealed by the exhibit and they have the effect of neutralizing each allegation as against the other, the

208

pleadings are rendered objectionable. *See Pepper v Lasseter,* 247 So.2d 737 (Fla. 3d DCA 1971). Such an inconsistency exists in the Instant Case. Taking all well pled matters as being true, a conflict exists between the Complaint and the Exhibits. While it is unlikely that the Complaint can be amended, Plaintiff Park Lake will be given an opportunity to file an amended complaint within ten (10) days.

ACCORDINGLY, IT IS ORDERED AND ADJUDGED that:

Defendant's motion to dismiss is hereby GRANTED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida on this 4th day of April, 1990.