WARNER, Judge.
In this case the trial court granted partial summary judgment on a third party declaratory judgment complaint finding a duty on the part of Chicago Title Insurance Company to defend an action filed by homeowners and a homeowner’s association against its insured, a mortgage holder and appellee herein. We reverse based on Pioneer Nat’l Title Ins. Co. v. Fourth Commerce Properties Corp., 487 So.2d 1051 (Fla.1986) and Nat’l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla.1977).
The underlying lawsuit constituted a collection of claims which requested money damages for breach of various agreements surrounding the real estate development of which appellee was a mortgage holder. None of the claims, including a request for declaratory decree, challenged the status of the mortgage insured by appellant. In fact the theory of the homeowners was that the appellee herein was a co-developer of the project and that it received certain monies from the homeowners that it did not properly apply to the benefit of the homeowners and the homeowner’s association. In its declaratory judgment action against appellant seeking a defense under the title policy issued by appellant, appellee makes statements that “it is evident” that the club and homeowners association are asserting an equitable lien superior to the lien of appellee insured by appellant. We do not *1076 find it “evident” at all that such relief has been requested. Furthermore, whether or not a duty to defend exists arises from the allegations of the complaint itself, see Auto-Owners Ins. Co. v. Jones, 397 So.2d 317, 320 (Fla. 4th DCA 1981), not on some conclusions drawn by the insured based upon a theory of liability which has not been pled. Cf. Aetna Ins. Co. v. Waco Scaffold & Shorring Co., 370 So.2d 1149 (Fla. 4th DCA 1978). Since the allegations of the initial complaint did not allege facts which would bring the case within the coverage of the title insurance policy, it was error to enter partial summary judgment. Pioneer National.
ANSTEAD and FARMER, JJ., concur.