[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16248
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-21333-JAL

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,
a Foreign Corporation,

Plaintiff - Appellant,

versus

WILLIAM P. WHITE RACING STABLES, INC.,
 Florida corporation,

Defendant - Appellee,

JAMES RIVERA, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 13, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This is an action by an insurer, Selective Insurance Company of the Southeast ("Selective"), seeking a declaration that it owes no duty to defend its insured, William P. White Racing Stables ("White Racing"), against a lawsuit filed by one of White Racing's former employees, James Rivera. The district court found a duty to defend and entered a partial declaratory judgment in favor of White Racing. After careful review, we reverse and remand for entry of judgment in favor of Selective.

## I.

Rivera was a professional jockey who was grievously injured by an accident at the Calder Race Track in Miami Gardens, Florida, in November 2008. Rivera was riding a two-year-old filly named Flyfly Fly Delilah at full gallop during a workout when the horse suddenly collapsed, taking Rivera to the ground with it. The accident left Rivera paralyzed from the neck down. Rivera believes that Flyfly Fly Delilah was not fit to be exercised or raced due to an injury, which had been covered up through steroids and other medications.

After the accident, Rivera sued White Racing, the Calder Race Track, and several veterinarians. Rivera alleged that the negligence of nearly all defendants caused his injuries. Significantly, however, Rivera did not state a similar

2

negligence claim against White Racing.  Instead, Rivera alleged that White Racing was liable for damages caused by its failure to preserve Flyfly Fly Delilah's remains after the accident so that the horse could be tested for performance-enhancing drugs.  In particular, Rivera's fourth amended complaint[1] stated two specific counts against White Racing:  (1) a claim under the Florida Worker's Compensation Statute for failure to cooperate in investigating and prosecuting Rivera's claims against a third-party tortfeasor, *see* Fla. Stat. § 440.39(7) (Count VIII); and (2) a claim for spoliation of evidence (Count IX).

Selective insured White Racing under both a worker's compensation policy and an employer's liability policy.  Selective provided Rivera benefits under the worker's compensation policy for his injuries.  But Selective maintained that it had no duty to defend White Racing against Rivera's lawsuit because it did not fall within the terms of the liability policy's coverage for damages arising from "bodily injury by accident."

To that end, Selective filed this declaratory-judgment action seeking a declaration that it owed no duty to defend.  Selective argued that Rivera's claims against White Racing were solely for economic losses—not bodily injury— flowing from its alleged breach of its duties to preserve evidence after the accident.

---

[1] The fourth amended complaint was the operative pleading when this declaratory judgment action was filed.  Although Rivera has since filed a fifth amended complaint, the parties represent that it is, for present purposes, materially indistinguishable from the fourth amended complaint.  Accordingly, we refer to the fourth amended complaint as the operative pleading.

In response, White Racing conceded that the two specific counts stated against it were not covered by the liability policy. Nevertheless, White Racing maintained that Selective owed a duty to defend because the factual allegations in Rivera's complaint could support a negligence claim against White Racing for Rivera's injuries.

On cross-motions for summary judgment, the district court agreed with White Racing and entered a partial declaratory judgment requiring Selective to defend White Racing against Rivera's lawsuit. Selective now appeals that decision.

## II.

We review *de novo* the district court's grant of summary judgment. *Liebman v. Metropolitan Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). Summary judgment is appropriate where, viewing the evidence and drawing all reasonable inferences in favor of the party opposing summary judgment, "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(a).

Because this action was filed in federal court on the basis of diversity jurisdiction, state law controls as to any issue not governed by the Constitution or treaties of the United States. *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*,

601 F.3d 1143, 1148 (11th Cir. 2010). The parties agree, as do we, that Florida law governs this insurance-contract dispute.

"Our objective is to determine the issues of state law as we believe the Florida Supreme Court would." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1231 (11th Cir. 2004). We are, therefore, bound by decisions of the Florida Supreme Court, as well as decisions from Florida's intermediate appellate courts unless there is some persuasive indication that the Florida Supreme Court would decide the issue differently. *Id.*; *Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1319 n.6 (11th Cir. 2001). We are also bound by our own decisions interpreting state law "absent a later decision by the state appellate court casting doubt on our interpretation of that law." *EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 845 F.3d 1099, 1105 (11th Cir. 2017).

Under Florida law, an insurer's duty to defend is distinct from and broader than its duty to indemnify. *Mid-Continent Cas. Co.*, 601 F.3d at 1148–49. "The duty to defend depends solely on the facts and legal theories alleged in the pleadings and claims against the insured." *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995); *see also Steinberg*, 393 F.3d at 1230. For the duty to defend to arise, the initial pleadings must "fairly bring the case within the scope of coverage." *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35–36 (Fla. Dist. Ct. App. 2003). That is, "[t]he allegations within the

5

complaint must state a cause of action that seeks recovery for the type of damages covered by the insurance policy in question." *Id.* "If the allegations in the complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merit of the lawsuit." *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 580 (Fla. Dist. Ct. App. 2000). In other words, the "insurer must defend even if facts alleged are actually untrue or legal theories unsound." *Lawyers Title Ins. Corp.*, 52 F.3d at 1580. Any doubt about the duty to defend must be resolved in favor of the insured. *Trizec Props., Inc. v. Biltmore Constr. Co., Inc.*, 767 F.2d 810, 812 (11th Cir. 1985).

## III.

Looking solely to the specific claims Rivera asserted against White Racing—(1) spoliation and (2) failure to cooperate under Fla. Stat. § 440.39—no duty to defend arises, as both parties agree. The Florida Supreme Court has held that a liability policy applying to "bodily injury by accident" does not provide coverage for claims against an insured for breaching a duty to preserve evidence. *Humana Worker's Comp. Servs. v. Home Emergency Servs., Inc.*, 842 So.2d 778, 781 (Fla. 2003). The damage that flows from a breach of a duty to preserve evidence "is the resulting inability to prove a cause of action." *Id.* Such spoliation claims, according to the Court, "seek[] compensation not for the bodily injury . . .

sustained in [the accident] but, rather, for [the] loss of a probable expectancy of recovery in the underlying suit." *Id.*

Rivera's fourth amended complaint sought recovery against White Racing solely for breaching its duties to preserve critical evidence and impairing his ability to prove his claims against the other defendants. As a result, the liability policy applying to "bodily injury by accident" does not provide coverage for these claims. *See id.* Because Rivera does not "seek recovery for the type of damages covered by the insurance policy in question," there is no duty to defend. *See Tippett*, 864 So.2d at 35–36.

Despite this straightforward and largely undisputed analysis, White Racing maintains that Selective owed a duty to defend. According to White Racing, the duty to defend is determined by the totality of the factual allegations in the complaint, irrespective of the specific counts pled, with all doubts resolved in favor of the insured. The district court agreed, reasoning that the state of facts alleged in the complaint could support a finding of negligence against White Racing for Rivera's injuries.

In response, Selective strenuously objects that the duty to defend cannot be based on a theoretical claim that was not actually pled. Selective also asserts that no negligence claim against White Racing could be pursued because of a worker's compensation exclusion in the liability policy.

No case from this Court or the Florida courts is directly on point.   Our review of relevant authority indicates that, on the one hand, allegations that support alternative theories of liability, some covered by the policy and some not, still trigger the duty to defend.  *See Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 813–14 (Fla. Dist. Ct. App. 1985) ("If the complaint alleges facts showing two or more grounds for liability, one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit."); *see also Lime Tree Village Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (finding a duty to defend because "[t]he factual allegations set forth grounds, other than intentional acts and discrimination, upon which Lime Tree could be held liable").  Moreover, courts are not bound by the labels the third-party plaintiff places on her claims.  *See Tippett*, 864 So.2d at 35 ("[W]ording alone in a pleading does not create a duty to defend, regardless of its artfulness.").

But on the other hand, insureds generally may not trigger the duty to defend by invoking theories of liability that were not alleged in the complaint.  *See Chicago Title Ins. Co. v. CV Reit, Inc.*, 588 So. 2d 1075, 1076 (Fla. Dist. Ct. App. 1991) ("[W]hether or not a duty to defend exists arises from the allegations of the complaint itself, not on some conclusions drawn by the insured based upon a theory of liability which has not been pled." (citations omitted)); *cf. ABC Distrib., Inc. v. Lumbermens Mut. Ins. Co.*, 646 F.2d 207, 209 (5th Cir. May 29, 1981)

8

(rejecting an insured's argument that the court could "examine whether an alternate theory at trial might support a recovery within the coverage of the insurance policy," but noting that a different rule may apply in "the instance of a homedrawn, pro se complaint")[2]; *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533, 535–36 (Fla. 1977) (holding that an insurer was not required to defend because, despite a stipulation that the case would have been tried on "negligence grounds rather than willful conduct," the complaint alleged only intentional acts of the insured, which were not covered by the policy).

This case occupies somewhat of a middle ground between these two broad principles. The "state of facts" alleged arguably could support a claim that White Racing's negligence contributed to Rivera's bodily injuries. *See Lenox Liquors*, 358 So.2d at 535 (stating that the duty to defend arises "where the complaint alleges a state of facts within the coverage of the insurance policy"). Yet perhaps due to complications arising from Rivera's receipt of worker's compensation benefits, the complaint quite clearly does not seek recovery against White Racing for those injuries. In these circumstances, we cannot conclude that the Florida Supreme Court would find a duty to defend based on the mere theoretical possibility that Rivera could seek recovery against White Racing for his injuries at some later time. *See Steinberg*, 393 F.3d at 1231.

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

9

Rivera's counseled fourth amended complaint does not "fairly bring the case within the scope of coverage." *See Tippett*, 864 So. 2d at 35. Although the general rule for the duty to defend is often phrased broadly, the inquiry focuses on whether the complaint "*seeks recovery for the type of damages covered* by the insurance policy in question." *Id.* at 35–36 (emphasis added). The insurer must defend the lawsuit, regardless of its merit, only "[i]f the allegations in the complaint state facts *that bring the injury within the policy's coverage*." *Amerisure Ins. Co.*, 771 So. 2d at 580. The insurer "is not required to defend if it would not be bound to indemnify the insured even though the plaintiff should prevail in his action." *Capoferri v. Allstate Ins. Co.*, 322 So. 2d 625, 627 (Fla. Dist. Ct. App. 1975).

The fourth amended complaint makes clear that the injury for which Rivera sought to recover damages was the inability to prove a cause of action, caused by White Racing's alleged breach of its duties to preserve evidence after the accident. As we have established above, and as both parties agree, Florida law is clear that those damages are not covered by a liability policy that applies to "bodily injury by accident." *See Humana Worker's Comp. Servs.*, 842 So. 2d at 781. Because Rivera does not seek recovery against White Racing for damages arising from "bodily injury by accident," Selective would not be bound to indemnify White Racing if Rivera prevailed in his lawsuit. Accordingly, Selective has no duty to defend White Racing against Rivera's claims. *See Capoferri*, 322 So. 2d at 627.

10

The district court erred in finding a duty to defend "based upon a theory of liability which has not been pled." *See Chicago Title Ins.*, 588 So.2d at 1076. The extraneous allegations that arguably support a negligence claim relating to the accident do not bring the requested damages within the scope of the policy. *See Amerisure Ins. Co.*, 771 So. 2d at 580. Even accounting for caselaw that allows courts to evaluate alternative theories of liability that are plausibly suggested by, but not expressly alleged in, a complaint, that principle would not apply in this case. *Cf. Baron Oil Co.*, 470 So. 2d at 813–14. The possible negligence claim constructed by White Racing is entirely distinct from, not an alternative to, the spoliation claims alleged in the complaint. *See Humana Worker's Comp. Servs.*, 842 So. 2d at 781. The former seeks recovery for damages arising from bodily injury based on actions before the accident, while the latter seek recovery "for [the] loss of a probable expectancy of recovery in the underlying suit" based on actions or omissions after the accident. *Id.* White Racing cites no authority, beyond restating the general rule, supporting its view that the duty to defend arises in similar circumstances.

And if Rivera raised a bodily-injury negligence claim later in the proceeding, as suggested by the district court, the duty to defend could arise at that

11

time.[3]  *See Grissom v. Commercial Union Ins. Co.*, 610 So. 2d 1299, 1307 (Fla. Dist. Ct. App. 1992) ("If it later becomes apparent (such as in an amended complaint) that claims not originally within the scope of the pleadings are being made, which are now within coverage, the insurer upon notification would become obligated to defend."); *see also ABC Distrib., Inc.*, 646 F.2d at 209 (stating that the duty to defend could arise "when [an] alternate and arguably covered theory is advanced").   But for the reasons explained above, we cannot conclude that Selective is required to defend now based on that hypothetical possibility.

In sum, we conclude that the district court erred in finding a duty to defend based on Rivera's fourth amendment complaint.  Because the basis for Rivera's action against White Racing was for spoliation of evidence, it is not covered by the liability policy.[4]  *See Humana Worker's Comp. Servs.*, 842 So.2d at 781.  And since there is no duty to defend, there is no duty to indemnify.  *See Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So.2d 419, 422 (Fla. Dist. Ct. App. 1995) ("Since Orion had no duty to defend the insureds, correspondingly, there is no duty to indemnify them nor to pay the consent judgment.").

---

[3] We do not say that it would, as that question is not before us.  We further note that the way in which the claim was raised might determine the outcome:  the Florida Supreme Court has held that it may violate due process to raise a new theory of liability at trial that is "nowhere framed in the pleadings."  *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1128 (Fla. 1985).

[4] Because we conclude that there is no duty to defend based on the allegations in the complaint, we need not consider Selective's arguments that the worker's compensation exclusion bar negated any duty that it would have had to defend a possible negligence claim.

12

Accordingly, we **REVERSE** the partial declaratory judgment in favor of White Racing, and we **REMAND** for entry of judgment in favor of Selective.