PER CURIAM.
This is an appeal from a final order finding coverage under an insurance contract and awarding appellee, plaintiff below, $750,000. We reverse the order based on the following brief analysis.
Kimberly Cade Henderson sought damages from appellant Consolidated American Insurance and its insureds, Elizabeth Buco-lo and her son Charles Bucolo, based on sexual abuse Henderson allegedly suffered as a child at the hands of Charles in Elizabeth’s home. The detailed facts of this case and its extensive procedural history are set forth in Consolidated Am. Ins. Co. v. Henderson, 559 So.2d 662 (Fla. 3d DCA 1990).
For the purposes of this appeal it is relevant to state that the parties entered into a settlement agreement partially resolving the dispute. While two coverage issues remained, the Bucolos’ personal exposure to liability for damages was eliminated and they were dropped as parties. There was to be an immediate payment of $250,000 with an additional $750,000 depending on the outcome of the litigation on the two coverage issues. As to the first coverage issue, the court ruled there were multiple occurrences involved for purposes of the policy’s per occurrence language. That issue is not involved in this appeal. The second issue, whether there was coverage in light of the policies’ intentional acts exclusion, is the subject of this appeal. The trial court found there was coverage and this appeal ensued.
At the time of the settlement agreement, the question of the entitlement to the additional $750,000 hinged in part on whether the insurer’s then pending appeal on the question of timeliness of the assertion of the coverage defense would be affirmed or reversed. The only insured involved in that appeal was the son, so the question on appeal was whether the intentional acts exclusion could be asserted against the son to avoid coverage, or alternatively whether that defense was barred because of tardiness in asserting it. The supreme court reversed, setting aside the summary judgment in favor of the son. This, conse *1051 quently, allowed the insurer to raise the intentional acts defense against Charles. The reversal of the summary judgment as to the son did not affect the mother’s favorable judgment on coverage.
This background information brings us to the order appealed here. Upon the supreme court’s reversal of summary judgment in favor of the son, the insurer filed a motion for summary judgment seeking a finding that Henderson was not entitled to the additional $750,000 based on the policy’s denial of coverage for Charles’ intentional acts. Henderson filed her own motion for summary judgment claiming that regardless of any coverage for Charles, there remained coverage for Elizabeth’s negligence. The trial court agreed with Henderson and granted summary judgment in her favor, awarding her the additional $750,000.
It is clear that there can be no coverage for Charles Bucolo’s intentional acts based on the supreme court's holding in Landis v. Allstate Ins. Co., 546 So.2d 1051, 1053 (Fla.1989) (intentional acts exclusion in homeowner’s policy precluded coverage in action against home day-care center operators). Thus, the $750,000 award could not be based on any coverage as to Charles. Ap-pellee claims, however, that the award is affirmable on the ground that it confirms the existence of coverage as to Elizabeth. We disagree with this analysis because the record shows that the insurer had already admitted coverage as to Elizabeth prior to the entry of the settlement agreement where it paid out $250,000. The conclusion must be drawn, therefore, that the settlement agreement contemplated that the remaining coverage issues related solely to the claim against the son, not the mother. Therefore, we must reverse.
Based on the foregoing, the order finding coverage and awarding damages of $750,-000 is reversed.