[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11511
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-02427-JDW-TGW

MARKEL INTERNATIONAL INSURANCE COMPANY, LTD.,

Plaintiff - Appellee,

versus

FLORIDA WEST COVERED RV & BOAT STORAGE, LLC,
NORMAN WEIZER,
DIANE WEIZER,

Defendants - Appellants,

JULIUS J. SZABO,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2011)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

This action for declaratory relief is derivative of a state court action brought by Julius J. Szabo against Norman and Diane Weizer as the owners and operators of Florida West Covered RV & Boat Storage, LLC. Szabo sued Florida West and the Weizers (collectively, "Florida West") in a separate state court action. According to his complaint, Szabo was forced to wade through retained flood water to retrieve his personal property from a storage unit that he leased from Florida West. Szabo alleged that he "contract[ed] bacterial poisoning," "a severe bacterial infection," and "injury" due to "milling[s] from roadwork" which had mixed with the flood water. In response to Szabo's complaint, Florida West sought protection under its standard commercial general liability insurance policy ("CGL") with Markel International Insurance Company.

The issue in this coverage dispute is whether the state court complaint alleges facts that fall within the ambit of two policy exclusions contained in the parties' CGL policy. The district court granted summary judgment in favor of Markel, finding that Markel was neither bound to indemnify Florida West, nor obligated to defend it under the CGL policy because the absolute pollution

2

exclusion and absorption/inhalation/disease exclusion both applied to defeat coverage. Florida West now appeals.

Our review is *de novo*. *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 1003 (11th Cir. 2001) ("The question of the extent of coverage under an insurance policy is a question of law . . . and is therefore subject to plenary review by this Court."); *Huff v. DeKalb Cnty., Ga.*, 516 F.3d 1273, 1277 (11th Cir. 2008) ("This Court reviews *de novo* a district court's grant or denial of summary judgment."). "Because federal jurisdiction over this matter is based on diversity, Florida law governs the determination of the issues on this appeal." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a).

Under Florida law, an insurer's duty to defend is determined solely from the allegations in the complaint. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 9–10 (Fla. 2004). An insurer is under no duty to defend if the allegations in the complaint implicate a policy exclusion. *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35 (Fla. 4th DCA 2003).

Florida West argues that the district court erroneously applied *Deni Associates of Florida, Inc. v. State Farm Fire & Casualty Insurance Co.*, 711 So. 2d 1135 (Fla. 1998). Specifically, Florida West contends that the district court improperly relied on the dictionary definitions of "irritant" and "contaminant" without considering whether millings are irritants or contaminants under environmental regulations and case law from other jurisdictions. *Compare id. at* 1141 (looking to Webster's Dictionary, the Federal Clean Air Act, and other jurisdictions in finding that ammonia fumes constituted a pollutant) *with id.* at 1138 (rejecting argument that the court ignore the policy definition of "pollutants" or "limit the term so that it is defined in the manner employed by environmental engineers"). Florida West also argues that the court erred in even considering whether millings constituted a pollutant because the underlying complaint alleged that bacteria caused the infection.

We disagree. In a thorough and well-reasoned opinion, the district court recognized that the allegations in the complaint control, and confined its analysis to those facts. *See Tippett*, 864 So. 2d at 33. For instance, Szabo alleged that "[t]he water retention and flooding mixed with millings . . . caused [him] to contract bacterial poisoning and injury." We are not persuaded by Florida West's

contention that Szabo alleged that the bacteria, rather than the millings, caused the infection.

We agree with the district court that, pursuant to a reasonable reading of the complaint, millings mixed with flood water constituted a "pollutant" within the meaning of the absolute pollution exclusion. The court correctly looked to the dictionary definitions of "contaminant" and "irritant" in construing the exclusion, and the court properly noted that, according to Szabo's complaint, the presence of millings in the water is precisely what caused his injuries. Importantly, the district court noted that it is a product's "ability to produce an irritating effect [that] places the product[] within the policies' definition of an 'irritant.'" *Technical Coating Applicators, Inc. v. U.S. Fid. & Guar. Co.*, 157 F.3d 843, 845 (11th Cir. 1998) (citing *Deni*, 711 So. 2d at 1139). "Consequently, a product that causes no harm when used properly still may be classified as a pollutant under the exclusion: 'It can obviously cause harm when it is not used properly.'" *Id.* (citing *Deni*, 711 So. 2d at 1141). It is of no moment that the complaint does not actually use the words "irritant," "contaminant," "pollutant," or "pollution," as Florida West suggests. *See Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 582 (Fla. 4th DCA 2000) (explaining how coverage does not depend on artful pleading or the inclusion of certain "buzz words").

5

According to Szabo's complaint, he contracted bacterial poisoning and infection from millings, which Florida West allowed to mix with flood water. We agree with the district court that "[w]hile millings may not inflict injury under normal circumstances, millings are alleged to have produced bacterial poisoning and infection, which certainly are 'irritating effects.'" Thus, under the facts alleged in Szabo's complaint, the millings constituted a pollutant. Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] Because we affirm the application of the pollution exclusion, we need not address Florida West's arguments regarding the applicability of the absorbtion/inhalation/disease exclusion.